UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MASAKO MORISHITA,

    *Plaintiff*,

v.                              Civil Action No. 19-1266 (TJK)

WHISTLER, LLC et al.,

    *Defendants*.

**ORDER**

Defendants move for summary judgment on Counts I, II, and III of the Amended Complaint, arguing that they are entitled to judgment as a matter of law because Plaintiff was not an "employee" under the Fair Labor Standards Act (also known as the FLSA), the District of Columbia Minimum Wages Law, or the District of Columbia Collection and Payment of Wages Law. Then, they say, Count IV should be dismissed for lack of pendent jurisdiction.

Under Federal Rule of Civil Procedure 56, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriately granted when, viewing the evidence in the light most favorable to the non-movants and drawing all reasonable inferences accordingly, no reasonable jury could reach a verdict in their favor." *Lopez v. Council on Am.-Islamic Relations Action Network, Inc.*, 826 F.3d 492, 496 (D.C. Cir. 2016).

To determine whether someone is an "employee" under the FLSA and similar D.C. laws, courts look to the "economic reality" of the parties. *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961). Courts consider several factors to do so. For example, when considering

whether a purported partner is instead an "employee," courts have looked at the individual's "exposure to risk, managerial control, and the ability to share in profits." *Steelman v. Hirsch*, 473 F.3d 124, 129 (4th Cir. 2007) (citing *Wheeler v. Hurdman*, 825 F.2d 257, 274 (10th Cir. 1987)). "Facile labels and subjective factors . . . are only relevant to the extent that they mirror 'economic reality.'" *Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 11 (D.C. Cir. 2001) (cleaned up) (quoting *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1044 (5th Cir. 1987)). Whether someone is an "employee" is "a legal question." *Id.* at 10 n.3. But "any subsidiary factual issues leading to this conclusion are . . . questions of fact for the jury." *Id.* (cleaned up).

The record here precludes granting summary judgment for Defendants. To begin with, there are material facts in dispute over whether Plaintiff had a right to share in the profits of the restaurant business at the heart of this case. If she did, that would suggest—as Defendants argue— that she was not an employee. True, according to at least one document, the parties represented to investors that Plaintiff had a 50% interest in the business. ECF No. 25-3 at 24. And Plaintiff sent a letter to Defendant Chiou after she was terminated, claiming a 50% interest.[1] ECF No. 25-3 at 89. But on the other hand, Defendant Chiou refused to concede that Plaintiff was so entitled, even denying any such understanding. ECF No. 27-2 at 19–20 (citing ECF No. 27-5 at 18–19). And other evidence suggests that Plaintiff was to be paid a salary for services rendered, potentially reflecting her status as an employee. ECF No. 27-3 at 11–12 (citing ECF No. 27-7 at 19); *see also* ECF No. 27-5 at 11; ECF No. 27-5 at 28.

On top of these material factual disputes, the rest of the record includes undisputed facts that suggest Plaintiff was in fact an employee. She apparently wanted nothing "formalized on

---

[1] The letter did not include an offer of compromise; thus, Federal Rule of Evidence 408 is inapplicable.

legal documents" specifically "because she did not want to be liable for the debts of their restaurant business should it not succeed."  ECF No. 27-3 at 4.  And the parties agree that Defendant Chiou terminated Plaintiff from the business.  ECF No. 27-3 at 10; *see also* ECF No. 27-5 at 28; *Kehler v. Albert Anderson, Inc.*, No. CV 16-5318 (JBS/KMW), 2017 WL 1399628, at *6 (D.N.J. Apr. 18, 2017) ("The fact that Mr. Anderson was able to fire Plaintiff despite his supposed 49% equity is evidence of his right to control, indicating an employer-employee relationship.").  On this record as a whole, viewing the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in her favor, the Court cannot say that no reasonable jury could conclude that she was an employee and find for her.

Thus, it is hereby **ORDERED** that Defendants' Motion for Summary Judgment, ECF No. 25, is **DENIED**.  It is **FURTHER ORDERED** that the parties shall file a joint status report by December 17, 2021, setting forth how they wish to proceed, including whether they have considered the possibility of mediating the case.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: November 18, 2021